## AMERICAN MANAGED CARE, LLC

## UNANIMOUS WRITTEN CONSENT TO ACTION OF
## THE SOLE MEMBER, UNIVERSAL HEALTH CARE GROUP, INC.

### April 29, 2013

The undersigned, being the Chapter 11 Trustee of the sole member of American Managed Care, LLC ("AMC") acting without a meeting pursuant to the Operating Agreement of AMC and the Florida Limited Liability Act, does hereby approve of the actions specified below, and adopt the following resolutions and Written Consent To Action.

**WHEREAS**, Universal Health Care Group, Inc. is the sole member of AMC;

**WHEREAS**, AMC conducts its business pursuant to an Amended and Restated Operating Agreement effective as of April 30, 2006, attached as **Exhibit A**;

**WHEREAS**, Soneet R. Kapila of Kapila & Company was appointed Chapter 11 Trustee of Universal Health Care Group, Inc. ("UHCG") by order of the United States Bankruptcy Court dated April 22, 2013, attached as **Exhibit B**;

**WHEREAS**, Soneet R. Kapila as Chapter 11 Trustee of UHCG, the sole member of AMC, has concluded that a Chapter 11 Bankruptcy filing by AMC would be prudent..

**NOW THEREFORE, BE IT RESOLVED**, AMC is authorized to file a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. §101 *et seq.*).

**RESOLVED FURTHER**, that in order to carry out the intent and effectuate the purposes of this resolution, Soneet R. Kapila as Chapter 11 Trustee of UHCG be, and hereby is, authorized to take such further actions, and to execute and deliver all such further instruments and documents as may be necessary, in the name of and on behalf of AMC as Debtor.

**RESOLVED FURTHER**, that this Written Consent To Action may be executed by facsimile or electronic signature, and in any number of counterparts, each of which, when so executed, shall be deemed to represent an original document, and all of which, when taken together, shall be deemed to constitute one and the same instrument.

**IN WITNESS WHEREOF**, the undersigned being all of the members of American Managed Care, LLC, have caused this Written Consent To Action to be executed effective as of the date first written above.

UNIVERSAL HEALTH CARE GROUP, INC.

by _____
Soneet R. Kapila
Chapter 11 Trustee of Universal Health Care Group, Inc.

## EXHIBIT A

AMENDED AND RESTATED

OPERATING AGREEMENT

OF

AMERICAN MANAGED CARE, LLC,

A Florida Limited Liability Company

Effective as of April 30, 2006

TAMP_427187.1

## TABLE OF CONTENTS

PAGE

ARTICLE I ORGANIZATION ........................................................................................... 1
    1.1    FORMATION ........................................................................................... 1
    1.2    ARTICLES OF ORGANIZATION .............................................................. 1
    1.3    NAME ....................................................................................................... 1
    1.4    TERM ....................................................................................................... 2
    1.5    PRINCIPAL OFFICE ................................................................................ 2
    1.6    REGISTERED AGENT/REGISTERED OFFICE ..................................... 2
    1.7    MEMBER ................................................................................................. 2

ARTICLE II PURPOSE AND BUSINESS OF THE COMPANY ...................................... 2
    2.1    PURPOSE ................................................................................................ 2
    2.2    AUTHORITY OF THE COMPANY ........................................................ 2

ARTICLE III CONTRIBUTIONS TO CAPITAL AND LOANS ....................................... 2
    3.1    INITIAL CONTRIBUTIONS .................................................................... 2
    3.2    ADDITIONAL CAPITAL CONTRIBUTIONS ......................................... 2
    3.3    LOANS ..................................................................................................... 2

ARTICLE IV PROFIT, LOSS, AND DISTRIBUTIONS ................................................... 3
    4.1    DETERMINATION OF PROFIT OR LOSS ............................................ 3
    4.2    COSTS AND EXPENSES ........................................................................ 3
    4.3    INCOME TAX REPORTING .................................................................... 3
    4.4    DISTRIBUTABLE AMOUNTS ............................................................... 3
    4.5    LIQUIDATING DISTRIBUTIONS .......................................................... 3

ARTICLE V DURATION, LIQUIDATION, AND TERMINATION ................................ 3
    5.1    DURATION OF COMPANY ................................................................... 3
    5.2    LIQUIDATION ........................................................................................ 4
    5.3    ARTICLES OF DISSOLUTION ............................................................... 4

ARTICLE VI MANAGEMENT .......................................................................................... 4

ARTICLE VII LIMITATION OF LIABILITY AND INDEMNIFICATION .................... 4
    7.1    LIMITATION OF LIABILITY ................................................................. 4
    7.2    INDEMNIFICATION ............................................................................... 5
    7.3    NON-EXCLUSIVE RIGHT ..................................................................... 5

ARTICLE VIII TRANSFER OF INTEREST AND ADDITIONAL MEMBERS ............. 5
    8.1    TRANSFERS ............................................................................................ 5
    8.2    RIGHTS OF ASSIGNEE .......................................................................... 5
    8.3    ADDITIONAL MEMBERS ...................................................................... 5

TAMP_427107.1

| | | |
|---|---|---|
| **ARTICLE IX BOOKS, RECORDS, ACCOUNTING AND TAXATION** | | **6** |
| 9.1 | BOOKS AND RECORDS | 6 |
| 9.2 | CUSTODY OF FUNDS | 6 |
| 9.3 | ACCOUNTANTS | 6 |
| 9.4 | FISCAL YEAR | 6 |
| 9.5 | ANNUAL REPORT | 6 |
| 9.6 | DISREGARDED AS AN ENTITY | 6 |
| **ARTICLE X DEFINITIONS** | | **6** |
| **ARTICLE XI AMENDMENT** | | **7** |
| **ARTICLE XII GENERAL PROVISIONS** | | **7** |
| 12.1 | CAPTIONS | 7 |
| 12.2 | VARIATIONS OF PRONOUNS | 7 |
| 12.3 | CONSTRUCTION | 7 |
| 12.4 | BINDING EFFECT | 8 |
| 12.5 | SEVERABILITY | 8 |

OPERATING AGREEMENT

OF

AMERICAN MANAGED CARE, LLC

THIS OPERATING AGREEMENT (the "Agreement") is hereby entered into by and between UNIVERSAL HEALTH CARE GROUP, INC., a Delaware corporation (hereinafter sometimes referred to as the "Member"), and AMERICAN MANAGED CARE, LLC, a Florida limited liability company (hereinafter referred to as the "Company").

RECITAL

RECITALS

WHEREAS, the Company is a limited liability company organized pursuant to the provisions of Chapter 608, *Florida Statutes* (the "Florida Limited Liability Company Act" or "Act"), for the purposes set forth herein; and

WHEREAS, the parties hereto desire to enter into this Amended and Restated Agreement in order to amend, restate and supersede in its entirety the original Operating Agreement and to set forth the terms and conditions of the business and affairs of the Company and to determine the rights and obligations of its Member.

NOW, THEREFORE, the parties, intending to be legally bound by this Agreement, hereby agree that the Operating Agreement of the Company shall be as follows:

ARTICLE I
ORGANIZATION

1.1    FORMATION. The undersigned Member has formed the Company as a single-member limited liability company pursuant to the Act.

1.2    ARTICLES OF ORGANIZATION. The Articles of Organization have been prepared, executed and filed with the Florida Secretary of State for the formation of the Company on July 31, 2002. Any and all amendments to the Articles required by law to be filed and recorded hereafter for any reason shall be filed by the Company in such office or offices as are required under the laws of the State of Florida or elsewhere. The Company shall do all other acts and things that may now or hereafter be required for the perfection and continuation of the Company as a limited liability company under the laws of the State of Florida or necessary in order to protect the limited liability of the Member under the laws of the State of Florida or elsewhere.

1.3    NAME. The name of the Company is AMERICAN MANAGED CARE, LLC. All Company business must be conducted in such name or other names that comply with applicable law as the Member may, in the Member's sole discretion, select from time to time. If

the Company does business under a name other than that set forth in its Articles of Organization, then the Company shall file a fictitious name registration as required by law.

**1.4 TERM.** The term of the Company commenced on the filing of the Articles of Organization with the Florida Secretary of State and shall continue until terminated in accordance with the provisions of this Agreement or by operation of law.

**1.5 PRINCIPAL OFFICE.** The principal office of the Company shall be maintained at 150 2nd Avenue North, Suite 400, St. Petersburg, Florida 33701, or at such other place which the Member, in the Member's sole discretion, determines.

**1.6 REGISTERED AGENT/REGISTERED OFFICE.** The name of the registered agent of the Company is Dr. Akshay M. Desai. The street address of the registered office of the Company is 150 2nd Avenue North, Suite 400, St. Petersburg, Florida 33701.

**1.7 MEMBER.** The present mailing address of the sole Member of the Company is 150 2nd Avenue North, Suite 400, St. Petersburg, Florida 33701. The Member shall own 100% of the Membership Rights in the Company, including 100% of the Membership Interests.

### ARTICLE II
### PURPOSE AND BUSINESS OF THE COMPANY

**2.1 PURPOSE.** The Company is organized for the purpose of transacting all lawful activities and businesses that may be conducted by a limited liability company under the laws of Florida.

**2.2 AUTHORITY OF THE COMPANY.** This Company shall have the powers and authority to do all things necessary to carry out its business and affairs as authorized by the Act.

### ARTICLE III
### CONTRIBUTIONS TO CAPITAL
### AND LOANS

**3.1 INITIAL CONTRIBUTIONS.** The Member has contributed to the Company the cash and property (other than cash) set forth on Schedule "A" attached hereto.

**3.2 ADDITIONAL CAPITAL CONTRIBUTIONS.** The Member may make additional contributions of capital to the Company as the Member determines are necessary, appropriate or desirable; provided, however, that the Member shall have no obligation to contribute any additional capital to the Company, and except as set forth in the Act, the Member shall have no personal liability for any obligations of the Company.

**3.3 LOANS.**

(a) **Loan Terms.** The Member may, at any time, make or cause a loan to be made to the Company in any amount and on those terms upon which the Company and the Member agree. Such funds shall represent a debt, payable on demand, unless otherwise specifically provided, from the Company to the Member.

2

(b) **Repayment of Loans.** Distributions of cash to the Member in repayment of loans made by the Member shall be made pursuant to the terms of such loans, but all distributions shall be subject to maintaining the Company in a sound financial condition, including the establishment of reserves reasonably required in the judgment of the Member for the proper operation of the business of the Company.

## ARTICLE IV
## PROFIT, LOSS, AND DISTRIBUTIONS

4.1 **DETERMINATION OF PROFIT OR LOSS.** The items of income, gains, expenses, deductions, losses and credits generated by the Company for federal income tax purposes shall be determined in accordance with a generally accepted method of accounting as soon as practicable after the close of the fiscal year of the Company.

4.2 **COSTS AND EXPENSES.** The Company shall pay all expenses of the Company (which expenses shall be billed directly to the Company) which may include but are not limited to: (i) legal, audit, accounting and other fees; (ii) expenses and taxes incurred in connection with the issuance, distribution and transfer of documents evidencing ownership of an interest in the Company or in connection with the business of the Company; (iii) expenses of organizing, revising, amending, converting, modifying or terminating the Company; (iv) expenses in connection with distributions made by the Company to, and communications and bookkeeping work necessary in maintaining relations with, the Member; and (v) costs of any accounting, statistical or bookkeeping equipment necessary for the maintenance of the books and records of the Company.

4.3 **INCOME TAX REPORTING.** The net profits, net gains and net losses generated by the Company, for each taxable year of the Company, shall be reported by the Member on the Member's income tax returns.

4.4 **DISTRIBUTABLE AMOUNTS.** The Company may make distributions to the Member of any amount in excess of its reasonable operating requirements as determined by the Member. Notwithstanding the foregoing, no distribution shall be made unless after the distribution the Company retains assets sufficient to pay all its debts as they become due and such distribution, if made, would not cause the Company to otherwise become insolvent.

4.5 **LIQUIDATING DISTRIBUTIONS.** In the event of liquidation of the Company, the assets of the Company shall be distributed to the Member in accordance with Section 5.2 hereinafter.

## ARTICLE V
## DURATION, LIQUIDATION, AND TERMINATION

5.1 **DURATION OF COMPANY.** The Company shall continue in existence until the Member, in the Member's sole discretion, determines to dissolve the Company. In the event there should at any time be no Members of the Company, the Company shall not be dissolved and the successor-in-interest (or the personal or other legal representative of the last remaining Member) shall have the option to either dissolve the Company or agree in writing to continue the

3

Case 8:13-bk-05952-KRM   Doc 1-1   Filed 05/03/13   Page 9 of 16

Company and to the admission of the successor-in-interest (or personal or other legal representative of the last remaining Member) or its nominee or designee to the Company as a Member, effective as of the occurrence of the event that terminated the continued membership of the last remaining Member.

5.2. **LIQUIDATION.** In the event of dissolution of the Company, the Member shall wind up the affairs of the Company and shall distribute the money and other property of the Company in the following order of priority:

(a) To creditors, including a Member who is a creditor, to the extent permitted by law in satisfaction of the Company's debts and liabilities whether by payment or establishment of reserves, other than liabilities for distributions to the Member under Sections 608.426 or 608.427 of the Act; then

(b) The remainder, if any; to the Member or to the Member's successors, heirs or assigns.

5.3 **ARTICLES OF DISSOLUTION.** In the event the Company is dissolved, Articles of Dissolution shall be promptly filed with the Florida Secretary of State.

## ARTICLE VI
## MANAGEMENT

The management and control of the Company shall be vested solely in the Member. The Member shall have full and exclusive authority in the management and control of the Company, and shall have all the rights and powers to make all decisions with respect thereto and to do or cause to be done any and all acts or things deemed by the Member to be necessary, appropriate or desirable to carry out or further the business and affairs of the Company.

## ARTICLE VII
## LIMITATION OF LIABILITY AND INDEMNIFICATION

7.1 **LIMITATION OF LIABILITY.** Except as otherwise provided by the Act, the debts, obligations and liabilities of the Company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the Company, and the Member shall not be obligated personally for any such debt, obligation or liability of the Company, solely by reason of being a Member. The failure of the Company to observe any formalities or requirements relating to the exercise of its powers or the management of its business or affairs under this Agreement or the Act shall not be grounds for imposing personal liability on the Member for any debts, liabilities or obligations of the Company. Except as otherwise expressly required by law, the Member, in such Member's capacity as such, shall have no liability in excess of (a) the amount of such Member's Capital Contributions, (b) such Member's share of any assets and undistributed profits of the Company, and (c) the amount of any distributions required to be returned pursuant to Section 608.428 of the Act.

7.2 **INDEMNIFICATION.** The Company (including any receiver or trustee of the Company), shall, to the fullest extent provided or allowed by law, indemnify, save harmless and

4

pay all judgments and claims against the Member and each of the Member's agents, affiliates, heirs, legal representatives, successors and assigns (each hereinafter individually referred to as an "Indemnified Party") from, against and in respect of any and all liability, loss, damage and expense incurred or sustained by the Indemnified Party in connection with the business of the Company or by reason of any act performed or omitted to be performed in connection with the activities of the Company or in dealing with third parties on behalf of the Company, including costs and attorneys' fees before and at trial and at all appellate levels, whether or not suit is instituted (which attorneys' fees may be paid as incurred), and any amounts expended in the settlement of any claims of liability, loss or damage, provided that the act or omission of the Indemnified Party does not constitute fraud or willful misconduct by such Indemnified Party. The Company shall not pay for any insurance covering liability of the Member or the Member's agents, affiliates, heirs, legal representatives, successors and assigns for actions or omissions for which indemnification is not permitted hereunder; provided, however, that nothing contained herein shall preclude the Company from purchasing and paying for such types of insurance, including extended coverage liability and casualty and worker's compensation, as would be customary for any Person owning, managing and/or operating comparable property and engaged in a similar business or from naming the Member and any of the Member's agents, affiliates, heirs, legal representatives, successors or assigns, or any Indemnified Party as additional insured parties thereunder.

7.3   **NON-EXCLUSIVE RIGHT.** The provisions of this Article VII shall be in addition to and not in limitation of any other rights of indemnification or reimbursement or limitations of liability to which Indemnified Party may be entitled under the Act, common law, or otherwise. Notwithstanding any repeal of this Article VII or other amendment hereof, its provisions shall be binding upon the Company (subject only to the exceptions above set forth) as to any claim, loss, expense, liability, action or damage due to or arising out of matters which occur during or relate to the period prior to any such repeal or amendment of this Article VII.

## ARTICLE VIII
## TRANSFER OF INTEREST AND ADDITIONAL MEMBERS

8.1   **TRANSFERS.** The Member may sell, hypothecate, pledge, assign or otherwise transfer all, or any portion, of the Member's Membership Rights to one or more Persons.

8.2   **RIGHTS OF ASSIGNEE.** In the event of any transfer of all or any part of the Member's Membership Rights to a successor, the successor shall thereupon become a Member and the Company shall continue in existence. In the event a judgment creditor obtains a charge against the Member's Membership Interest pursuant to Section 608.433(4) of the Act, the judgment creditor shall have only the rights of an assignee and shall not become a Member and shall not have any other Membership Rights.

8.3   **ADDITIONAL MEMBERS.** The Member may, in the Member's sole discretion, determine to admit additional Members.

5

## ARTICLE IX
## BOOKS, RECORDS, ACCOUNTING AND TAXATION

9.1 BOOKS AND RECORDS. Unless the Member, in the Member's sole discretion, determines otherwise, the books and records of the Company, if any, shall be maintained on a cash basis in accordance with generally accepted accounting principles, consistently applied. These and all other records of the Company required to be kept pursuant to Section 608.4101 of the Act shall be kept at the registered office of the Company.

9.2 CUSTODY OF FUNDS.

(a) The Member shall have fiduciary responsibility for the safekeeping and use of all funds and assets of the Company, whether or not in the immediate possession or control of the Member. The funds of the Company shall not be commingled with the funds of any other Person and the Member shall not employ, or permit any other Person to employ, such funds in any manner except for the benefit of the Company.

(b) All funds of the Company not otherwise invested shall be deposited in one or more accounts maintained in such banking institutions as the Member shall determine, and withdrawals shall be made only in the regular course of Company business.

9.3 ACCOUNTANTS. The accountants for the Company shall be such certified public accountants as shall be selected by the Member. The accountants shall certify, in accordance with generally accepted accounting principles, the financial statements of the Company.

9.4 FISCAL YEAR. The fiscal year of the Company shall be the calendar year.

9.5 ANNUAL REPORT. The Company shall file an annual report with the Florida Secretary of State each year in the form provided by the Secretary of State.

9.6 DISREGARDED AS AN ENTITY. Notwithstanding anything contained herein to the contrary, pursuant to Treasury Regulation Section 301.7701-3(b) of the Code, the Company shall be disregarded as an entity separate from the Member for federal and state income tax purposes, unless and until the Member causes the Company to file an election pursuant to Treasury Regulation Section 301.7701-3(c) of the Code.

## ARTICLE X
## DEFINITIONS

"Act" and "Florida Limited Liability Company Act" shall mean Chapter 608, *Florida Statutes*, as amended from time to time and any successor statute.

"Agreement" shall mean this Amended and Restated Operating Agreement, as amended, modified, or supplemented from time to time.

"Capital Contributions" shall mean the amount of cash and the agreed value of the property, the services, or the promissory note or other obligation to contribute cash or property or

6

to perform services contributed by the Member for such Member's Interest in the Company, equal to the sum of the Member's initial capital contributions plus the Member's additional capital contributions, if any, made pursuant to Sections 3.1 and 3.2, respectively.

"Code" shall mean the Internal Revenue Code of 1986 and the regulations promulgated thereunder, as amended, or any corresponding provision of any succeeding law.

"Company" shall mean the limited liability company organized in accordance with the Act and this Agreement.

"Member" shall mean UNIVERSAL HEALTH CARE GROUP, INC., a Delaware corporation, and any Person who is subsequently admitted as a member of the Company.

"Membership Interest" shall mean a Person's share of the profits and losses of, and the right to receive distributions from, the Company.

"Membership Rights" shall mean all of the rights of a Member in the Company, including a Member's: (i) Membership Interest; (ii) right to inspect the Company's books and records; (iii) right to participate in the management of the Company and vote on matters coming before the Company; and (iv) unless this Agreement or the Articles of Organization provide to the contrary, right to act as an agent of the Company.

"Person" shall mean and includes an individual, corporation, partnership, association, limited liability company, trust, estate, or other entity.

## ARTICLE XI
## AMENDMENT

This Agreement may not be altered or modified except by the written consent of the Member and the Company.

## ARTICLE XII
## GENERAL PROVISIONS

12.1 **CAPTIONS.** Section titles or captions contained in this Agreement are inserted only as a matter of convenience and for reference and in no way define, limit, extend or describe the scope of this Agreement, or the intent of any provision hereof.

12.2 **VARIATIONS OF PRONOUNS.** All pronouns and any variations thereof shall be deemed to refer to the masculine, feminine, neuter, singular or plural as the identity of the Person may in the context require.

12.3 **CONSTRUCTION.** This Agreement shall be interpreted in accordance with the laws of the State of Florida.

12.4 **BINDING EFFECT.** This Agreement shall be binding upon and inure to the benefit of the undersigned, its legal representatives, heirs, successors and assigns.

7

12.5 **SEVERABILITY.** Every provision of this Agreement is intended to be severable. If any term or provision is illegal or invalid for any reason, such illegality or invalidity will not affect the validity of the remainder of this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement effective as of the 30th day of APRIL, 2006, with the intent of amending, restating and superseding in its entirety the original Operating Agreement.

| MEMBER: | COMPANY: |
|---|---|
| UNIVERSAL HEALTH CARE GROUP, INC., a Delaware corporation<br><br>By: X  /s/ Anderson<br>Print Name: AKSHAY M. DESAI, M.D., H.P.H.<br>Title: PRES./CEO | AMERICAN MANAGED CARE, LLC, a Florida limited liability company<br><br>By:  UNIVERSAL HEALTH CARE GROUP, INC., a Delaware corporation<br>        Its Member<br><br>By: X  /s/ Anderson<br>Print Name: AKSHAY M. DESAI, M.D., H.P.H.<br>Title: PRES./CEO |
|  |  |

8

TAMP_400031.4

## SCHEDULE "A"

## CAPITAL CONTRIBUTIONS

Description of Item Contributed             Agreed Value of Contribution

TAMP_409531.4

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:
UNIVERSAL HEALTH CARE GROUP, INC.
                    Debtor.
_____/

Case No. 8:13-bk-01520-KRM
Chapter 11 Case

## ORDER APPROVING APPOINTMENT OF CHAPTER 11 TRUSTEE

The Court having considered the *Application of the United States Trustee* (Dkt. No. 236) for entry of an Order approving appointment of Soneet R. Kapila of Kapila & Company as chapter 11 Trustee in the above-captioned case, it is hereby ORDERED that:

The Application is granted and the appointment is approved.

DONE AND ORDERED in Tampa, Florida on April 22, 2013.

_____
K. RODNEY MAY
United States Bankruptcy Judge

*Copies furnished to:*
All Parties on the Matrix.