**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

AMERICAN MANAGED CARE, LLC,                    Case No. 8:13-bk-05952-KRM
                                               Chapter 11

      Debtor.                                    *Emergency Relief Requested*

_____/

**DEBTOR'S EMERGENCY MOTION FOR AN ORDER**
**AUTHORIZING PAYMENT OF PRE-PETITION COMPENSATION, EMPLOYEE**
**REIMBURSEMENTS, WITHHOLDING TAXES, AND CONTRIBUTIONS, COSTS, AND**
**EXPENSES INCIDENT TO CERTAIN EMPLOYEE BENEFIT PLANS**

AMERICAN MANAGED CARE, LLC (the "Debtor"), by and through Soneet Kapila in his

capacity as the Chapter 11 Trustee for Universal Health Group, Inc., respectfully requests that the

Court enter an order on an emergency basis authorizing payment of pre-petition compensation,

employee reimbursements, withholding taxes and contributions, costs and expenses incident to

certain employee benefit plans (the "Motion").  In support, the Debtor represents as follows:

**I.  JURISDICTION**

1.        This Court has jurisdiction over the subject matter of this Motion pursuant to 28

U.S.C. §§ 157 and 1334.  Venue is proper in this Court pursuant to 28 U.S.C. § 1408.  This is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (M).  The Court possesses the

requisite authority to grant the relief requested herein pursuant to 11 U.S.C. § 105 (Title 11 of the

United States Code shall be referred to hereafter as "the Bankruptcy Code").

**II.  BACKGROUND**

2.        On May 3, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for

relief, thereby commencing this case under Chapter 11 of the Bankruptcy Code, in the United States

Bankruptcy Court for the Middle District of Florida (the "Court").

3.      The Debtor's bankruptcy petition was filed by Soneet Kapila, in his capacity as the Chapter 11 Trustee for Universal Health Group, Inc. ("Universal Group").  Universal Group is a Chapter 11 Debtor in case pending before this Court, Case No. 8:13-bk-01520-KRM.  Universal Group is the sole member of AMC.

4.      Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor is operating its business and managing its property as debtor-in-possession.

5.      Universal Group is holding company formed in 2006 to provide health insurance and managed care products through wholly-owned operating subsidiaries: (i) Universal Health Care, Inc. ("UCH"); (ii) Universal Health Care Insurance Company, Inc. ("UHCIC"); (iii) Universal HMO of Texas, Inc.   ("UHMOT"); (iv) Universal Health Care of Nevada ("UHCNV"); and; (vi) Universal Health Care of Georgia, Inc. ("UHCGA").   The Debtor operated as the management company for UCH, UHCIC, UHMOT and UCHNV.

6.      UCH, UHCIC, UHMOT and UHCNV are all currently operating under the auspices of state regulators, in receiverships or rehabilitation actions pending in state courts in Florida, Texas and Nevada.  UHCGA is not operating.

7.      The Debtor has filed this Chapter 11 petition principally to assist the state regulators in their wind down of UCH, UHCIC, UHMOT and UHCNV, by continuing to provide the employees necessary to facilitate the work of the state regulators.

8.      The Debtor has approximately 40 employees who work at the Debtor's corporate headquarters ("Employees").

9.      The Employees perform a variety of critical functions.

10.      The Employees' skills, knowledge and understanding of the Debtor's infrastructure, operations essential to the state regulators that the Debtor is currently serving.

Moreover, payment for the Employees will be funded by the state regulators using the Debtor's infrastructure.

11.    The Employees are paid with checks and direct deposit.

12.    Debtor's Employees are paid bi-weekly every other Friday.

13.    Debtor's Employees were last paid on May 3, 2013 for the period ending April 27, 2013. They are owed pre-petition wages for work performed from April 28, 2013, through the Petition Date.    The Debtor's pre-petition payroll due to Employees is approximately $110,000.

14.    Even including the pre-petition wages, no employee will be paid more than $11,725.00.

15.    The Debtor also maintains workers compensation coverage for the Employees, which the Debtor is obligated to pay.

16.    The Debtor has pre-petition withholding obligations with regard to its Employees.  As of the Petition Date, the Debtor had obligations for deductions from Employee paychecks used to make payments on behalf of the Employees for, or with respect to, some or all of the following items: medical, disability, and life insurance coverage; a 401(k) retirement savings plan; garnishments; and support payments, all on account of which the Debtor deducts a sum of money from an Employee's pay and pays that amount to a third party.  For classification purposes, Universal Group offered and maintained a 401k retirement savings plan for any of its Employees. The Chapter 11 Trustee for Universal Group is in the process of terminating the 401(k) plan.

### III.  RELIEF REQUESTED

17.    As discussed above and as of the Petition Date, the Debtor has incurred debts to the Employees for (i) wages, including paid time off and bonuses (the "Wages"); (ii) employee

business and travel expenses; and (iii) other employee benefits, including, without limitation, those due to or for the benefit of the Employees under various health, life and other insurance plans or policies. The Debtor has also incurred debts with respect to the deductions and taxes discussed above.

18.    Compensation, deductions, and taxes were due and owing as of the Petition Date by reason of, *inter alia,* the following:

(a)    The filing of the Petition at the middle of the Debtor's regular payroll period, as well as in the middle of the Debtor's regular reimbursement cycle, for the Employees;

(b)    Certain employee benefits related to pre-petition services have not yet been paid to, or for, the benefit of the Employees as such benefits, while accrued, were not payable, but may become payable in the ordinary course of business in the future.

19.    By this Motion, the Debtor does not seek authority to pay any compensation due any Employee pursuant to any severance agreement, nor does the Debtor seek authority to pay amounts due pursuant to any agreements pertaining to executive benefits or any amounts to executives in excess of $11,725 in cumulative Employees Expenses.

20.    The Court has authority to grant the relief requested pursuant to 11 U.S.C. § 105. The Bankruptcy Code accords priority to all of the Employee Expenses pursuant to §§ 507(a)(3), 507(a)(4) and 507(a)(8)(A), (C) and (D).

21.    Payment of the Employee Expenses will not prejudice other creditors in these proceedings because funding is coming from the state regulators and will continue only until the subsidiaries of Universal Group are wound down.

22.    The Debtor is not aware of any unusual or extraordinary claims or benefits that

would cause the priority claim amount of any individual employee to exceed the $11,725 priority amount provided for in § 507(a)(5) of the Bankruptcy Code.

23.      Immediate approval of this motion is necessary so that the Debtor's Employees suffer no interruption in payment of their wages.  The Debtor's Employees are essential to the wind down of operations by state regulators.

**WHEREFORE**, the Debtor, by and through Soneet Kapila in his capacity as the Chapter 11 Trustee for Universal Health Group, Inc., the sole member of the Debtor, respectfully requests that this Court enter an order on an emergency basis that authorizes the payment of pre-petition wages, salaries, expenses and benefits, deductions, and employee taxes to, or on behalf of, the Debtor's Employees.

Dated:  May 7, 2013

/s/ Roberta A. Colton
ROBERTA A. COLTON
Florida Bar No. 371289
racolton@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
Suite 2700, Bank of America Plaza
101 East Kennedy Boulevard
Tampa, Florida 33602
Telephone: (813) 223-7474
Facsimile: 229-6553
*Proposed Counsel to the Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 7, 2013, a true and correct copy of the foregoing **DEBTOR'S EMERGENCY MOTION FOR AN ORDER AUTHORIZING PAYMENT OF PRE-PETITION COMPENSATION, EMPLOYEE REIMBURSEMENTS, WITHHOLDING TAXES, AND CONTRIBUTIONS, COSTS, AND EXPENSES INCIDENT TO CERTAIN EMPLOYEE BENEFIT PLANS** was forwarded by U.S. Mail and/or through the Court's CM/ECF Noticing System/e-mail to: **American Managed Care, LLC**, 100 Central Ave., Suite 200, Saint Petersburg, FL 33701; **Universal Health Care Group, Inc.**, 100 Central Ave., Suite 200, Saint Petersburg, FL 33701; **Harley E. Riedel, Barbara A. Hart, Russell M. Blain, and Scott A. Stichter**, Stichter Riedel Blain & Prosser, 110 East Madison Street, Suite 200, Tampa, FL 33602; **Jeff J. Friedman**, Katten Muchin Rosenman, LLP, 575 Madison Avenue, New York, NY 10022-2585; **Trustee Soneet R. Kapila**, Kapila & Company, 1000 South Federal Highway, Suite 200, Fort Lauderdale, FL 33316; **United States Trustee – TPA**, Timberlake Annex, Suite 1200, 501 E. Polk Street, Tampa, FL 33602; **Florida Department of Financial Services**, Messana, P.A., Thomas M. Messana, 401 E. Las Olas Blvd., Suite 1400, Fort Lauderdale, FL 33301 (tmessana@messana-law.com); Jody Collins, **Florida Department of Financial Services**, 8240 N.W. 52nd Terrace, Suite 102, Doral, FL 33166 (jody.collins@myfloridacfo.com); Stuart Phillips, **Texas Department of Insurance** (stuart.phillips@tdi.texas.gov); **Frank P. Terzo**, 1221 Brickell Avenue, Suite 1600, Miami, FL 33131; all registered **CM/ECF recipients**; and the **20 largest unsecured creditors** (attached).

/s/ Roberta A. Colton
Attorney
